IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 2:26-CR-087-Z |
| CODY ALEXANDER GONZALES | |

MOTION FOR PRETRIAL DETENTION AND CONTINUANCE

The United States asks for the pretrial detention of Defendant under Title 18, United States Code, Sections 3142(e) and 3142(f).

1. ***Eligibility of Case***. This case is eligible for a detention order under 18 U.S.C. § 3142(f) because it is a case that involves:

_____ A crime of violence as defined in 18 U.S.C. § 3156(a)(4), violation of section 1591, or federal crime of terrorism for which the maximum sentence is 10 years or more. (18 U.S.C. § 3142(f)(1)(A)).

_____ An offense for which the maximum sentence is life imprisonment or death. (18 U.S.C. § 3142(f)(1)(B)).

__X__ A Controlled Substances Act offense for which the maximum sentence is 10 years or more. (18 U.S.C. § 3142(f)(1)(C)).

_____ A felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses. (18 U.S.C. § 3142(f)(1)(D)).

_____ A felony that involves a minor victim or failure to register as a sex offender. (18 U.S.C § 3142(f)(1)(E)).

_____ A felony that involves the possession or use of a firearm, destructive device, or any other dangerous weapon. (18 U.S.C § 3142(f)(1)(E)).

_____ A serious risk defendant will flee. (18 U.S.C. § 3142(f)(2)(A)).

_____ A serious risk defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror. (18 U.S.C. § 3142 (f)(2)(B)).

2. ***Reason for Detention.*** The Court should detain defendant, under 18 U.S.C. § 3142(e), because no condition or combination of conditions will reasonably assure:

__X__ Defendant's appearance as required.
__X__ Safety of any other person and the community.

3. ***Rebuttable Presumption.*** The United States will invoke the rebuttable presumption against defendant under 18 U.S.C. § 3142(e). The presumption applies because there is:

__X__ A Controlled Substances Act offense for which the maximum sentence is 10 years or more. (18 U.S.C. § 3142(e)(3)(A)).
_____ An offense under Title 18, United States Code, Sections 924(c), 956(a), or 2332b. (18 U.S.C. § 3142(e)(3)(B)).
_____ A federal crime of terrorism for which the maximum sentence is 10 years or more. (18 U.S.C. § 3142(e)(3)(C)).
______ An offense in Chapter 77 of Title 18 (human trafficking) for which the maximum sentence is 20 years or more. (18 U.S.C. § 3142(e)(3)(D))
_____ Previous conviction for "eligible" offense committed while on pretrial bond. (18 U.S.C. § 3142(e)(2)).
_____ a qualifying offense involving a minor victim. (18 U.S.C. § 3142(e)(3)(E)).

4. ***Time for Detention Hearing***. The United States requests the Court conduct the detention hearing:

_____ At first appearance.
_____ After continuance of three days.
__X__ Moot at this time as defendant is in state, federal, or administrative custody. Hearing requested if detention becomes a viable issue.

5. ***Eligibility for 10-Day Temporary Detention:*** The court may temporarily detain the defendant to permit revocation of conditional release, deportation, or exclusion because:

A. i)__X__ The defendant is, and was at the time the offense was committed:

______ on release pending trial for a felony under federal, state, or local law (18 U.S.C. § 3142(d)(1)(A)(i));

______ on release pending imposition or execution of sentence, appeal of sentence or conviction, or completion of sentence, for any offense under federal, state, or local law (18 U.S.C. § 3142(d)(1)(A)(ii));

__X__ on probation or parole for any offense under federal, state, or local law (18 U.S.C. § 3142(d)(1)(A)(iii)); or

ii)_____ The defendant is not a citizen of the United States or lawfully admitted for permanent residence as defined at 8 U.S.C. § 1101(a)(20) (18 U.S.C. § 3142(d)(1)(B));

B. And the defendant:

__X__ may flee; or

__X__ pose a danger to any other person or the community.

Respectfully submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY

[signature] for

ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar No. 12501
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Telephone: 806.324.2356
Facsimile: 806.324.2399
E-mail: anna.bell@usdoj.gov